UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 04-271-C

FIFTH THIRD BANK, ET AL.,                                                      PLAINTIFFS,

V.                    **MEMORANDUM OPINION AND ORDER**

ROBERT B. MYTELKA,                                                              DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the motion of the plaintiff, The Cadle Company II, Inc.,("Cadle") to confirm judgment and enter order consistent with transfer (R. 13). The court agrees with the defendant that the judgment against him is void and should be vacated and that the entry of default should be set aside. Therefore, it will deny the plaintiff's motion.

**I.     Background**

At issue is whether this court had personal jurisdiction over Robert Mytelka, the defendant, when it entered judgment against him in 2004, given his claim that he never received proper service of process.

Fifth Third Bank brought suit against Mytelka in this court in May of 2004, seeking to collect payment on a promissory note signed by Mighty Mowers, Inc., and personally guaranteed by Mytelka. Fifth Third filed an affidavit of service with this court, R. 4, stating that summons and complaint were served on an

unidentified woman, "Jane Doe," at 7:38 a.m., May 13, 2004, at 115 Southgate Drive, Spring Valley, NY 10977, which was Mytelka's address.  Mytelka filed no answer, and Fifth Third moved for an entry of default judgment against Mytelka on June 10, 2004.  R. 5.  This court granted the motion on July 15, 2004, finding that Mytelka was served and failed to appear, plead, or otherwise defend the suit within the time required by law.  R. 6.  On July 23, 2004, Fifth Third moved for a final judgment, and this court granted the motion and entered judgment against Mytelka on October 10, 2004.  R. 8.

Fifth Third subsequently registered this judgment in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1963.  *See Fifth Third Bank v. Mytelka*, No. 05-MC-52, 2008 WL 3852170, at *1 (E.D.N.Y. Aug. 16, 2008).  On March 14, 2007, Fifth Third assigned the judgment to Cadle, effective December 27, 2005.  R. 9.

Mytelka subsequently moved the district court of the Eastern District of New York to vacate the judgment pursuant to Fed. R. Civ. P. 60(b)(1) or (4).  *See Fifth Third Bank*, at *3.[1]  Principal among Mytelka's arguments was his argument that service on him was invalid because the process server had failed to sign the affidavit of proof of service filed in this court.  Cadle's New York counsel opposed the motion and requested a traverse hearing to determine whether the summons

---

[1] However, as discussed below, Mytelka has limited his argument to this court to Rule 60(b)(4).

2

and complaint had been served.  Cadle filed in this court a notice of corrective filing and an affidavit of service signed by the server.  R. 11.

The New York district court declined to exercise jurisdiction to decide Mytelka's motion and transferred the matter to this court, pursuant to 28 U.S.C. § 1404.  Cadle subsequently moved this court to confirm its judgment and enter an order consistent with transfer. Mytelka has filed a response, and the matter is ripe for the court's consideration.  The court must determine whether, despite Mytelka's claim to the contrary, service was valid and its original entry of default judgment should stand.

**II.    Analysis**

The defendant requests that the court deny the plaintiff's motion and vacate its judgment.  In considering such a request, the court applies both Rule 60(b) and Rule 55 of the Federal Rules of Civil Procedure.  First, the court must consider whether the requirements of Rule 60(b) have been met.  Then, the court must evaluate whether there is "good cause" for setting aside the entry of default, as required by Rule 55 jurisprudence.[2]  *See Burrell v. Henderson*, 434 F.3d 826, 831-35 (6th Cir. 2006)(describing the "two-pronged inquiry" for evaluating whether to vacate default judgment and analyzing first Rule 60(b) argument, then "good cause" under Rule 55).

---

[2]Rule 55 of the Federal Rules of Civil Procedure governs relief from entry of default.  The rule provides that the court "may set aside a default judgment under Rule 60(b)." *See* Fed. R. Civ. P. 55(c).

### A. Judgment Void Due to Lack of Personal Jurisdiction Over Mytelka

The defendant argues that he is entitled to relief pursuant to Rule 60(b)(4) because the judgment is void for lack of personal jurisdiction. He contends that the court lacked personal jurisdiction over him because service of process was deficient and he lacked actual notice of the proceedings.

Due process of law "requires the proper service of process on a party defendant in order for a court to obtain jurisdiction of his or its person." *Jones v. Volkswagen of Amer., Inc.*, 82 F.R.D. 334, 334 (E.D. Tenn. 1978) (citing *Amen v. City of Dearborn*, 532 F.2d 554, 557 (6th Cir. 1976)); *see also Echevarria-Gonzalez v. Gonzalez-Chapel*, 849 F.2d 24, 28 (1st Cir. 1988) ("A defendant must be served in accordance with Fed.R.Civ.P. 4 in order for the court to secure personal jurisdiction over him.").

Specifically, Mytelka contests personal jurisdiction on the grounds that the affidavit of proof of service was not signed by the process server. *See* R. 4. Mytelka further argues that service was improper due the lack of information as to the identity of "Jane Doe" and the lack of proof that Jane Doe resided at his home. In his affidavit, included as an attachment to his response, Mytelka avers that he "never received a Summons and Complaint in this action and no one residing with [him] in May 2004 received a Summons and Complaint in this action." R. 15, attachment 1, Mytelka Aff. ¶ 6. Mytelka also declares, "I did not receive copies of the motion for Entry of Default, the Order of Default, the Motion for Final

4

Judgment, or the October 1, 2004 Judgment prior to their submission and/or entry by this Court. I first became aware of these documents in or about August 2007." *Id.* ¶ 7.[3]

    1.    *Lack of Signature on Affidavit Does Not Affect Validity of Service*

The process server did not sign the affidavit originally filed by Fifth Third as proof of service. Cadle now seeks to remedy that deficiency by filing an affidavit that has been signed by the process server and duly notarized.[4]

Where service is not waived, proof of service must be provided to the court. Fed. R. Civ. P. 4(l)(2). However, "[f]ailure to prove service does not affect the validity of service. The court may permit proof of service to be amended." Fed. R. Civ. P. 4(l)(3). Amendment to proof of service should be allowed unless it will result in prejudice to the defendant. *See* 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRACTICE & PROCEDURE § 1132 (3d ed. 2002).

---

[3] Mytelka also objects to Fifth Third not having filed an executed summons. The process server's affidavit, however, operates as proof that the summons was executed. *See* 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRACTICE & PROCEDURE § 1130 (3d ed. 2002) (interpreting Rule 4(l) as requiring some "evidence of delivery [that] disclose[s] enough facts to demonstrate the validity of service"); *see also Coomer v. Sharp Electronics Corp.*, 181 F.R.D. 609, 610 (N.D. Ill. 1998) (noting that proof of summons executed could be an affidavit stating that defendant was served with a copy of the summons).

[4] The plaintiff has already filed the signed affidavit under a notice of filing. R. 11. However, this filing does not operate as an amendment of the original proof of service without the court's permission. The court therefore construes the plaintiff's instant motion as containing a request to amend the proof of service.

5

However, proof of service does not render service valid; the amendment of the process server's affidavit would not conclusively establish that the court actually did have personal jurisdiction over the defendant. Valid proof of service does create a presumption of valid service, which a defendant arguing lack of notice must overcome. *See, e.g.*, *McCombs v. Granville Exempted Village School Dist.*, No. 07-495, 2009 WL 467066, at *4 (S.D. Ohio Feb. 24, 2009) ("A process servers' affidavit of service 'establishes a prima facie case of the account of the method of service' and establishes a presumption of proper service.'" (quoting *State Farm Auto. Ins. Co. v. CPT Med. Serv., Inc.*, No. 04-CV-5045, 2005 WL 2465818, at *1 (E.D.N.Y. Oct. 6, 2005) (citations omitted)).

Allowing amendment therefore would create a presumption of validity of service that would not otherwise be available to the plaintiff. However, regardless of whether it becomes the amended proof of service, the affidavit remains the plaintiff's evidence that Mytelka received notice of the proceedings. It does not alter the basic landscape of this case. Allowing amendment thus does not prejudice the defendant, and so the court will allow amendment and consider the affidavit evidence of valid service. *Cf. Austin v. Smith*, 312 F.2d 337, 343-44 (D.C. Cir. 1962) (no amendment of proof of service to include attachment of interrogatories, where original proof showed only service of the writ and default was granted on grounds that defendant failed to answer the interrogatories); *In Re DiBartolo*, No. 05-69647, 2006 WL 3097394, at *2 (Bankr. N.D. Ohio Oct. 30,

2006) (considering motion to quash service and concluding that presumption of valid service "not available to Plaintiffs . . . because Plaintiffs failed to file a signed proof of service").[5]

### 2.  *Mytelka Overcomes Presumption of Service*

Cadle maintains that service was valid under the method of service provided for in Rule 4 (e)(2)(B), which allows that service may be made by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."

Mytelka asserts that even allowing amendment of the proof of service does not remedy the court's lack of personal jurisdiction over him.  First, he argues that service remains deficient because the affidavit fails to identify adequately "Jane Doe" or establish that Jane Doe was a resident of his home.

The affidavit describes Jane Doe as a female, "white-skinned," between the ages of thirty-six and fifty, between 5'4" and 5'8" tall, and weighing between 100

---

[5]Cadle does not argue that the lack of signature is immaterial.  There is some support in the law for the proposition that an affidavit's lack of signature is not a fatal defect.  *See* 3 Am. Jur. 2d Affidavits § 9 (2d ed. 2002) (discussing cases supporting the propositions that "an affidavit must be signed by the deponent, or his name must appear therein as the person who took the oath, in order to constitute a formal affidavit" and that "[a] plaintiff's statement was an affidavit, despite the lack of his signature, where the plaintiff's name appeared as the person who took the oath").  However, the Sixth Circuit disfavors the use of unsigned affidavits as evidence in opposition to motions for summary judgment. *See Moore v. Holbrook*, 2 F.3d 697, 698-99 (6th Cir. 1993)*; Nassif Ins. Agency v. Civic Property and Cas. Co.*, No. 03-2618, 2005 WL 712578 (6th Cir. March 30, 2005).

and 130 pounds. *See* R. 11.[6] The affidavit states that the woman refused to give her name and does not include any information on her relationship to the defendant. Whether this woman qualifies as a person competent to receive service for Mytelka is not clear from the evidence in the process server's affidavit, and the plaintiff has offered no further evidence of her competency. *Cf. U.S. v. Rodriguez*, 1993 WL 536592 (1st Cir. Dec. 29, 1993)(service valid where defendant's son received service because son was "trusted member of household"); *Nowell v. Nowell*, 384 F.2d 951 (5th Cir. 1967) (service on landlady sufficient because of "substantial nexus" between her and the defendant); *M. Lowenstein & Sons, Inc. v. Austin*, 430 F.Supp. 844, 845 (S.D.N.Y. 1977) (service on daughter visiting from school sufficient because she was residing in the home at the time of service).

In evaluating requests to vacate a judgment, the court must construe "ambiguous or disputed facts . . . in the light most favorable to the defendant." *Bds. of Trs. of West Michigan Plumbers, Fitters & Serv. Trades Local Union No. 174 Pension Plan v. Michigan Mech. Sys.,* No. 06-CV-676, 2008 WL 2774831, at *1 (W.D. Mich. July 14, 2008) (citing *Burrell*, 434 F.3d at 832) (explaining this standard necessary to honor public policy favoring disposition of cases on their merits). Therefore, the court must resolve the ambiguous evidence as to the competency of "Jane Doe" to accept service in the light most favorable to Mytelka,

---

[6]Having allowed amendment of the proof of service, the court will now reference the affidavit filed under the notice of filing on October 27, 2007. The original affidavit and the later-filed one are in all particulars identical except that the latter is signed by the process server.

and the court finds that the facts provided by the server's affidavit do not establish that "Jane Doe" resided at the home of Mytelka.

Furthermore, even assuming this service meets the required threshold for validity, Mytelka's declaration that he never received the summons and complaint is evidence that he received no actual notice. The self-serving affidavit of a defendant denying service is not always sufficient to counter valid proof of service. *See, e.g.*, *Audi AG & Volkswagen of Amer., Inc. v. Izumi*, 204 F. Supp.2d 1014, 1018 (E.D. Mich. 2002) (where paralegal submitted declaration that she requested server serve defendant personally and did not request improper service and affidavit of process server asserted that he served defendant personally, defendant's declarations that he was out of town and found the package on his doorstep upon return were "bare allegations [and], without more, were insufficient to establish that service was not properly effected"); *Nolan v. City of Yonkers*, 168 F.R.D. 140, 144 (S.D.N.Y. 1996) ("The mere denial of receipt of service . . . is insufficient to overcome the presumption of validity of the process server's affidavit." (citations omitted)).

Under the facts of this case, however, the court finds the defendant's sworn statement persuasive. There is no evidence in the record that contradicts his statement that he did not receive the complaint and summons. Mytelka does not deny that process was served at his proper address. However, the court has before it only evidence of service of an individual that the court must assume has

9

no relation to Mytelka and was not residing at his home at the time of service. Nor is there any evidence that Mytelka actively evaded service, and the plaintiff does not argue otherwise. He contends that in February 2006 he became aware of Cadle's attempts to collect on the promissory note, via a copy of a letter addressed to Mighty Mowers from Cadle. R. 15, attachment 1, Mytelka Aff., ¶ 4. He declares that he first learned of the suit in August of 2007. *Id.* ¶ 7. Therefore, taking the facts in the light most favorable to him, Mytelka meets the requirement of Rule 60(b)(4).

B.  Equity Favors Vacating the Judgment

Next, the court must evaluate whether there is the "good cause" for setting aside the entry of default, as required by Rule 55 jurisprudence. *Thompson v. Amer. Home Assur. Co.*, 95 F.3d 429, 432 (6th Cir. 1996); *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir.1983). The three equitable factors that the court must consider are: "(1) whether the entry of default was the result of willful or culpable conduct [of the defendant]; (2) whether a set-aside would prejudice the plaintiff; and (3) whether the defenses raised following the entry of default are meritorious." *Thompson*, 95 F.3d at 432 (citations omitted). The court concludes that equity supports the court's decision to vacate its judgment.

First, Mytelka is not culpable in the default judgment being entered against him. To be culpable, a defendant must have "either an intent to thwart judicial

proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir.1986).

There are no allegations that Mytelka purposefully evaded service or contact with the plaintiff or Fifth Third Bank. Importantly, Mytelka denies receiving copies of the motion for entry of default and motion for judgment filed by the plaintiff in this court until August 2007, more than three years after the court entered the judgment. R. 15, attachment 1, Mytelka Aff., ¶ 7.[7] A review of the record reveals that neither of these motions includes a certificate of service. *See* R. 5; R. 7. The court concludes that Mytelka did nothing that makes him culpable in the entry of default.

Second, the court finds that vacating the judgment and re-instituting proceedings will result in little prejudice to the plaintiff. Prejudice must be demonstrated by showing that delay will "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Simmons v. Ohio Civil Serv. Emp. Assoc.*, 259 F.Supp.2d 677, 686-87 (S.D. Ohio 2003) (quoting *INVST Fin. Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 398 (6th Cir.1987)). The plaintiff does not argue that any prejudice

---

[7]Cadle argues that even if Mytelka did not receive notice in May of 2004, he stated in his affidavit that he learned of the suit in February 2006 and the delay between February 2006 and his request to vacate the judgment made in the Eastern District of New York on October 21, 2007, makes him culpable. However, as discussed here, a review of Mytelka's affidavit reveals that he does not assert that he learned of the suit in February 2006.

will result. This case involves only an assertion that Mytelka owes a certain sum of money to Cadle, and he admits to signing the promissory note. Proving the amount of the alleged debt is presumably a matter of record-keeping unlikely to be prejudiced by the several years of delay that the case will have suffered.

Third, Mytelka contends that he has a meritorious defense to Cadle's claim against him. "In determining whether a defaulted defendant has a meritorious defense, '[l]ikelihood of success is not the measure.'" *INVST Fin. Group.*, 815 F.2d at 398-99 (quoting *United Coin*, 705 F.2d at 845)). "A defense is sufficient if it contains 'even a hint of a suggestion which, proven at trial, would constitute a complete defense.'" *Id.* (quoting *Keegel v. Key West & Carribean Trading Co., Inc.*, 627 F.2d 372, 374 (D.C. Cir. 1980)). "The key consideration is 'to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Id.* (quoting 10 C. WRIGHT, A MILLER, M. KANE, FED. PRACTICE & PROCEDURE § 2697, at 531 (1983)).

Mytelka asserts that it is not clear that Fifth Third complied with its contractual obligations because it is unknown whether Fifth Third proceeded against the makers of the promissory note. He also states that it is unknown whether he is due any credits or offsets for payments received or collateral collected. Cadle argues that there is no meritorious defense because "[t]here is no dispute that Cadle is the lawful holder of a promissory note that is in default. And

there is likewise no dispute that Mytelka personally guaranteed the note." R. 16, p.5.

It is not clear to the court that the defendant has asserted a meritorious defense. The plaintiff does not seem to seek recovery from the defendant for those portions of the debt already satisfied. *See* R. 1. The terms of the promissory note itself provide that the plaintiff's predecessor in interest, Fifth Third, may proceed against the guarantor without taking any action against the maker of the note. *See* R. 1, Guaranty Agreement ¶¶ 1-3.

At least one circuit considers the existence of a meritorious defense a "threshold issue." *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). However, the Sixth Circuit directs courts to weigh the three factors.[8] *Berthelsen v.*

---

[8]The plaintiff contends that the court should not weigh the three factors, but rather each of the three factors must be satisfied in order for the court to set aside the default. The plaintiff cites *Messick v. Toyota Motor Mfg., Ky., Inc.*, 45 F.Supp 2d 578 (E.D. Ky. 1999), which cites *Waifersong, Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290 (6th Cir. 1992), for this proposition. However, *Messick* involved a motion to vacate a default judgment brought under Rule 60(b)(1), on the grounds of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). *Waifersong* makes clear that when the defendant relies on Rule 60(b)(1), the culpability factor is "framed in terms of 'mistake, inadvertence, surprise, or excusable neglect,'" and although

> it may be argued that the three factors are to be 'balanced' by the court in determining whether to set aside an entry of default, balancing is demonstrably inappropriate when a court initially proceeds, as in the instant case, under Rule 60(b)(1). That is because the rule mandates that defendant cannot be relieved of a default judgment unless he can demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect. It is only when the defendant can carry this burden that he will be permitted to demonstrate that he also can satisfy the other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the plaintiff should relief be granted.

*Kane*, 907 F.2d 617, 620 (6th Cir. 1990) ("As this court held in *United Coin*, courts are required to weigh [the] three factors."); *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986) ("All three factors must be considered in ruling on a motion to set aside entry of default.").

Although the defendant's likelihood of success based on the arguments proffered is slight, likelihood of success is not the measure of whether a defense is "meritorious." In making the claims he has made, Mytelka has made a "hint of a suggestion" sufficient to meet the minimal requirements of a "meritorious defense." Furthermore, even if he has not, the court finds no authority to support the court's refusing to vacate the judgment based solely on the defendant's failure to put forth a meritorious defense. And, most importantly, the law is clear that when considering a request to vacate a default judgment, the court must resolve all doubts in favor of the defendant. Accordingly, the court finds that, on balance, equity requires that the court vacate its original judgment.

**IV.  Conclusion**

Accordingly, **IT IS ORDERED** that plaintiff's motion to confirm judgment and transfer (R. 13) is **DENIED**. **IT IS FURTHER ORDERED** that the court's judgment

---

*Waifersong*, 976 F.2d at 292. Thus, *Waifersong* simply addresses the need for a defendant to satisfy Rule 60(b) before moving on to satisfying Rule 55. It suggests that the analysis for determining whether judgment should be vacated under Rule 60(b)(1) and the first factor to be considered under Rule 55 should be combined. Here, the defendant brings his request under Rule 60(b)(4).

entered October 4, 2004 is **VACATED** and the entry of default made on July 13, 2004, is **SET ASIDE**.

Signed on  July 10, 2009

**Jennifer B. Coffman, Judge**
**United States District Court**

15