UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 04-271-C

THE CADLE COMPANY II, INC.,                                                      PLAINTIFF,

V.                         MEMORANDUM OPINION AND ORDER

ROBERT B. MYTELKA,                                                               DEFENDANT.

* * * * * * * * * *

Pending before the court is The Cadle Company's motion for summary judgment (R.41).  For the reasons explained below, that motion will be granted.

In 2001, Robert Mytelka personally guaranteed a promissory note executed by Mighty Mowers, Inc., in favor of Fifth Third Bank.  Mighty Mowers defaulted on the promissory note, and Mytelka failed to make any payments under the guaranty agreement.  In 2004 Fifth Third initiated this suit against Mytelka to enforce the guaranty, and the court entered final judgment against Mytelka in October.  Fifth Third registered the judgment in Federal District Court in New York in 2005 and then assigned the judgment to Cadle in March of 2007. In October 2007, Mytelka moved the Eastern District of New York to vacate the judgment on the grounds that he had not actually been served with the complaint and that the affidavit of service that Fifth Third filed with its motion for default judgment was unsigned.  The Eastern District of New York deferred to this court, which vacated its 2004

judgment against Mytelka. Fifth Third then assigned the promissory note and guaranty agreement to Cadle, which now seeks to enforce the agreement.

No genuine dispute exists as to any material fact in this case, and the plaintiff is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In his response to Cadle's motion for summary judgment Mytelka alleges that Cadle lacks standing to maintain the instant action because Cadle was not actually assigned rights to any agreement signed by Mytelka. This allegation is without merit. The Guaranty Agreement signed by Robert Mytelka in favor of Fifth Third Bank is attached to, and specifically incorporated into, the Assignment of Lost Guaranty Agreement Affidavit through which Fifth Third assigned to Cadle its rights in the Mytelka guaranty. Thus, Cadle has standing to maintain this suit, as it has a "judicially recognizable interest in the subject matter of the suit." *City of Ashland v. Ashland F.O.P. #3*, 888 S.W.2d 667 (*quoting Health America Corp. v. Humana Health Plan, Ky.*, 697 S.W.2d 946 (1985).

Mytelka acknowledges that he executed a personal guaranty on the promissory note between Fifth Third and Mighty Mowers that has been assigned to Cadle. R. 15, at 1. Mytelka does not offer any evidence to suggest that he made any payment under the guaranty. The guaranty is valid and enforceable. It is in writing, signed by the guarantor, and contains provisions specifying the maximum aggregate liability of the guarantor and the date on which the guaranty terminates. *See* KRS 371.065. And under the terms of the guaranty, Cadle does not need to join any other parties to the present action or take any steps to collect from Mighty

Mowers or anyone else.  Mytelka's liability for payment is absolute under the terms of the guaranty agreement, and he has not provided any facts or evidence that would relieve him of his contractual obligations.

Accordingly, **IT IS ORDERED** that Cadle's motion for summary judgment (R. 39) is **GRANTED** and that Cadle shall file a motion for entry of judgment, with supporting memorandum and a recitation of specific amounts due, no later than December 2, 2011.  Response and reply times shall run as allotted in the Local Rules.

**IT IS FURTHER ORDERED** that the scheduled pretrial conference and trial are **CANCELLED**.

Signed on November 16, 2011

Jennifer B. Coffman, Judge
United States District Court